Hitchcock, C. J.
The transcript of the record in this case, shows that the order or decree of the court of common pleas, from which an appeal was taken, was entered in fa *107 vor of the plaintiff at the April term of the court, 1850, which term ended on the 11th day of May, then next follow ing. The appeal bond was not filed until the 10th day of June, a period of more than thirty days having elapsed after the close of the term in which the order or decree was entered. For this cause, the plaintiff moves to have the appeal dismissed.
The provision of the statute is express, that the appeal bond shall be filed with the clerk of the court, from which the appeal is taken, within thirty days from the rising of the court. In order that an appeal may be sustained in this court, this provision of the statute must have been complied with.
On the part of the defendant, it is not contended that in ordinary cases this rule of the law can be departed from, but in this particular case, it is insisted that’ although upon the record it appears that the decree was entered upon the 11th of May, the last day of the April term of the court, yet, in fact, the decree was not rendered until the 23d day of May, and that the bond was filed within thirty days after that date. To sustain this position, a statement of the president judge of the circuit, is introduced. From this it appears that the judge, with the assent of the parties, took the ease upon the circuit, with the understanding and agreement, that the order or decree, when concluded upon, should be sent back to Champaign county to be entered, as of the preceding term of the court. This was done on the twenty-third day of May.
Now the question arises whether this court, in the determination of this question, shall be governed by the record, or by the certificate of the judge. The record says that the decree was rendered on the 11th of May; the judge, that it was rendered on the 23d. We must undoubtedly be governed by the record. And the record can, with no more propriety, be explained or contradicted by parol, in a case like the one now before us, than in any case which might be presented.
*108 In the case of Goodins v. Armstrong, which has been decided by this court, at the present term, a question somewhat analogous to the one now under consideration, was raised and considered. It was a case in error to reverse a judgment of the supreme court of Hamilton county. In the second section of the act of April 1st, 1837, “further to amend the act to regulate the practice of the judicial courts,” it is provided “ that final judgments in the supreme court, held in any county within this state, may be re-examined and reversed or affirmed in the court in bank, upon a writ of error, which writ of error may be allowed by the said court in bank, during its session, or by any two of the judges of the supreme court in vacation, provided such writs of error shall not be brought but within one year after the rendition of the judgment complained of.”
The original case of Goodins v. Armstrong was pending, and submitted to the court in Hamilton county, but was, with the consent of parties, taken upon the circuit and decided in Miami county. These facts appeared upon the record. At the time of the allowance of the writ of error, by which the case was brought into this court, more than one year had transpired after the term of the court in Hamilton county, but less than one year after the rendition of the judgment in Miami county.
The court held that the allowance was proper, and that the case was well before the court. In coming to this conclusion we were influenced by the second section of the act of February 19th, 1848, “prescribing the times-of holding the supreme court for ” that year. In this section, power is expressly given to the court, “ when there shall not be time in any county, to dispose of the business in said county, to hear and determine, with the consent of parties, any business thus undisposed of, in any other convenient county.” By a fair construction of this provision, it must be manifest that no other rule could, with propriety, be adopted, except the allowance of one year after the rendition of the judgment in 'the county to which the case had been removed.
*109 We are of opinion that the first exception .to the appeal in this case is well taken.
Another cause assigned for the dismissal of the appeal is that the original case is that of a petition by an administrator to sell lands for the payment of the debts of the intestate. Ii has been uniformly held that such cases were not appealable. They have been considered as appropriately within the jurisdiction of the court of common pleas, in the exercise of its probate powers. They are strictly statutory proceedings, and the furtherest this court has gone in interfering with them, has been to review them upon certiorari.
The present act “ for the settlement of the estates of deceased persons (Swan’s Statute, 339), does not differ very materially, so far as respects the sale of lands for the payment of debts, from former enactments upon the same subject. In the 121st section, it is provided that the real estate liable to be sold, shall include, with certain exceptions and limitations, “ all that the deceased may have conveyed, with intent to defraud his creditors, and all other rights and interests in lands, tenements and hereditaments,” etc. And the next section provides that “ if the executor or administrator shall be ordered to sell any land, so fraudulently • conveyed by the deceased, he may, before sale, obtain possession by an action of ejectment, counting upon his own seizin; or may file a bill in chancery, to avoid the fraudulent conveyance.”
'In the ease before the court, the plaintiff, as administrator filed his petition for an order to sell certain lands of the in testate, and he charged that these lands had been fraudulently conveyed -to one of the defendants, who was one of the heirs of the decedent. It, was an ordinary petition by an administrator to sell lands. The defendant, Stephen Steinbarger, set up title to the land, as a bona fide purchaser. The question of fraud was agitated, and determined by the court. This question would have been more properly raised in a proceeding under the 122d section of the statute. *110 Still these proceedings did not change the nature of the original petition. It was still a petition to sell land, and being such, no appeal could be taken from any order made under it.

The appeal is dismissed.